IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN J. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1327 |
| | ) | District Judge Arthur J. Schwab |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| ROBERT GILMORE, *Facility Manager SCI Greene,* et al, | ) | Re: ECF Nos. 72, 78, 80 |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MS. S. HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-1136 |
| | ) | District Judge Arthur J. Schwab |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| MARK ZAKEN, *Superintendent SCI -Greene*, et al, | ) | Re: ECF Nos. 31, 34, 36 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court are Motions for Default, Motions to Enforce, and Amended Motions for Hearing filed on behalf of Plaintiff S. Hayes ("Plaintiff").[1] Upon review of the motions, the responses filed by the Pennsylvania Department of Corrections Defendants ("DOC Defendants"), and the transcript memorializing the terms of the settlement agreement, and for the following reasons, Plaintiff's motions are denied.[2]

---

[1] The pending motions at C.A. No. 17-1327 are at ECF Nos. 72, 78, and 80; the motions at C.A. No. 20-1136 are at ECF Nos. 31, 34 and 36.

[2] The DOC Defendants' responses to the pending motions at C.A. No. 17-1327 are at ECF Nos. 75 and 81; and the responses at C.A. No. 20-1136 are at ECF No. 33 and 37. For ease of reference, the Court will cite to the documents filed at C.A. No. 17-1327.

1

Plaintiff's motions arise out of her dissatisfaction with the way the DOC Defendants have effectuated the settlement agreed to by the parties on December 7, 2020, during a judicial mediation conducted by United States District Judge J. Nicholas Ranjan. ECF No. 64-65. In particular, Plaintiff complains that the cash settlement has not been timely remitted to her inmate account, she has not been assigned a cellmate nor housed on a cellblock with other transgender inmates, and she has not been permitted to purchase a specific watch or headphones. Through the Amended Motion for Hearing, Plaintiff states that the cash settlement has since been deposited to her inmate account, she has been authorized the purchase of the identified watch, and she has been transferred to the State Correctional Institution at Benner Township. ECF No. 80. The remaining issues relative to the settlement are Plaintiff's preferred headphones and her housing placement at the facility selected for transfer.

The Court has reviewed the complete transcript memorializing the agreement. Regarding the headphones, the transcript reflects as follows:

> And separate and apart from those items, the Department of Corrections will allow Ms. Hayes to purchase any Department of Corrections' approved headphones and headphone amplification. However, because there's some uncertainty as to the specific headphones and amplification device, the parties have agreed that they will cooperate in Ms. Hayes' purchase of those items. However, to the extent that those items are ultimately not purchased or there is a problem or issue with respect to the purchase of those items, that will not serve as a breach of the settlement agreement in this case.

DOC represents that in accordance with the terms of the agreement, Plaintiff is permitted to purchase any DOC "approved headphones and headphone amplification. The DOC commissary headphones are DOC approved headphones for purchase." ECF No. 81 ¶ 13. The Court finds that the DOC is complying with the agreement reached by the parties.

Plaintiff also disputes her current cell and cellblock assignment. Plaintiff states that SCI – Brenner officials have indicated that "a move to a block with other transgenders would be considered in the future." ECF No. 80. The issue of cell assignment was not addressed in the settlement agreement and raises an issue that is a matter of prison administration. Absent the violation of an established right, the Court will not interfere with Plaintiff's placement. See Johnson v. Hill, 910 F. Supp. 218, 220 (E.D. Pa. 1996) (collecting cases).

Accordingly, it is apparent that all of the terms of the settlement agreement have been satisfied. An appropriate Order follows:

**ORDER**

Upon consideration of Plaintiff's Motion for Default, filed at C.A. No. 17-1327, ECF No. 72, and filed at C.A. No. 20-1136, ECF No. 31; the Motion to Enforce, filed at C.A. No. 17-1327, ECF No. 78, and filed at C.A. 20-1136, ECF No. 34; and the Amended Motion for Hearing, filed at C.A. No. 17-1327, ECF No. 80, and filed at C.A. 20-1136, ECF No. 36, the responses thereto, and the transcript memorializing the agreement reached between the parties on December 7, 2020, IT IS HEREBY ORDERED that the motions are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: April 22, 2021                        BY THE COURT:

                                             */s/ Maureen P. Kelly*
                                             MAUREEN P. KELLY
                                             UNITED STATES MAGISTRATE JUDGE


cc:    The Honorable Arthur J. Schwab
       United States District Judge

       All counsel of record via CM-ECF

       Steven J. Hayes
       MQ-5447
       301 Institution Drive
       Bellefonte, PA 16823